IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JEROME R. MARX,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social<br>Security Administration,<br><br>      Defendant. | Case No. 1:05-CV-127 SA<br><br><br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

Before the court is an action filed by Plaintiff, Jerome R. Marx, asking the court to reverse the final agency decision denying Plaintiff's appeal of the Commissioner's decision that he was not entitled to Child's Insurance Benefits (hereafter "CIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-433, due to work activity.

The court has carefully considered the parties' memoranda and the complete record in this matter and concludes that oral arguments would not materially assist it in the determination of

---

[1]On February 1, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

this case. Based on the analysis set forth below, the court orders that Plaintiff's request that the court reverse and remand the ALJ's decision be denied.

**BACKGROUND**

Plaintiff initially received CIB because his father was entitled to Retirement Insurance Benefits. (Docket Entry #5, The Certified Copy of the Transcript of the Record of the Administrative Proceedings Relating to Jerome R. Marx (hereafter referred to as "Tr. __"), 19.) In April 1996, Plaintiff filed an application for CIB as a Disabled Adult Child, which was granted. (Tr. 19, 50.)

In April 1999, the Commissioner ceased Plaintiff's benefits due to work activity. (Tr. 19, 103.) The Commissioner issued numerous revised and reconsidered determinations, and Plaintiff challenged the Commissioner's determination of the months that constituted Plaintiff's trial work period, extended period of eligibility, and when his entitlement to CIB terminated.

After a September 14, 2000 hearing, the Administrative Law Judge (hereafter referred to as "ALJ") issued a decision on January 25, 2001. (Tr. 46-49.) The Appeals Council remanded Plaintiff's case for another hearing and decision because the hearing tape was lost. (Tr. 211-13.)

Another hearing before the ALJ was held on January 27, 2004. (Tr. 19, 240-51.) The ALJ issued another decision on March 8, 2004, finding that Plaintiff performed his trial work period

months in July through December 1996, and March through May 1997. (Tr. 19-33.) Plaintiff requested review of the ALJ's decision by the Appeals Council. (Tr. 11-12.) On August 11, 2005, the Appeals Council denied Plaintiff's request for review (Tr. 6-8), making the ALJ's decision the Commissioner's final decision. See 42 U.S.C. § 405(g).

Plaintiff then filed the complaint in this action on October 11, 2005, and the case was assigned to United States District Judge Tena Campbell. (Docket Entry #1.) The Government filed its answer and the administrative record on December 9, 2005. (Docket Entries #4, 5.) On March 24, 2006, the case was referred to United States Magistrate Judge Samuel Alba, pursuant to 28 U.S.C. § 636(c), because the parties had agreed to consent to jurisdiction of the magistrate judge. (Docket Entries #8, 13.)

Plaintiff filed his brief on March 24, 2006. (Docket Entry #14.) Plaintiff also submitted an affidavit on March 26, 2006. (Docket Entry #16.) The Government submitted its brief on May 23, 2006. (Docket Entry #20.) Plaintiff then filed his reply to the Government's brief on July 25, 2006. (Docket Entry #21.)

**ANALYSIS**

The court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. See Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a

3

reasonable mind might accept as adequate to support a conclusion." *Id.* (citations and internal quotation marks omitted). The court "may neither reweigh the evidence nor substitute [its] discretion for that of the [ALJ]." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2002). Where evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

Plaintiff makes seven arguments in his brief. Plaintiff argues that the Commissioner erred by: (1) failing to provide adequate notice of the amount of overpayment and the method for calculating the overpayment; (2) failing to prove the fact and amount of the overpayment; (3) apparently finding that Plaintiff was without fault in causing or accepting the overpayment; (4) failing to evaluate the credibility of Mrs. Marx's testimony; (5) improperly determining when Plaintiff worked for the Golding Partnership; (6) failing to determine whether recovery of the overpayment would defeat the purpose of Title II; and (7) failing to determine whether recovery of the overpayment would be against equity and good conscience. In support of some of his arguments, Plaintiff has submitted the affidavit of his mother, Mrs. Marx, accompanied by exhibits that were not included in the Administrative Record.

Before addressing Plaintiff's arguments, the court notes that an issue not raised during the administrative review process

will generally be considered to be waived, and as such, may not be considered by a reviewing court. *See Chipman v. Shalala*, 90 F.3d 421, 423 (10th Cir. 1996). However, a constitutional issue may be raised for the first time on appeal. *See Mathews v. Eldridge*, 424 U.S. 319, 331-32 (1976). Furthermore, the court has a limited review function and cannot examine evidence not within the administrative record. *See King v. Chater*, 83 F.3d 211, 212 (8th Cir. 1996); *Thompson v. Apfel*, 199 F. Supp. 2d 798, 814 (W.D. Tenn. 2001). Instead, the court is to closely examine the record to determine whether substantial evidence supports the Commissioner's decision. *See Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

In this case, the ALJ confined his decision to determining the dates for Plaintiff's trial work period months, the date of the beginning of Plaintiff's eligibility, and the date of the benefits termination. In fact, at least twice in his decision the ALJ specifically explained that his decision was confined to those narrow issues. (Tr. 20 ("This case focuses on the narrow issue of trial work period months."); Tr. 32 ("I therefore confine my findings to the issues of the trial work period, the beginning of the extended period of eligibility, the cessation month and the first non-pay month and the benefits termination month.")) As a result, the court confines its analysis to an examination of the only argument Plaintiff makes that was

addressed by the ALJ's decision: whether the ALJ improperly determined when Plaintiff worked for the Golding Partnership.

The court notes that although case law generally allows a court to address a constitutional argument that was not raised below, such as Plaintiff's due process argument regarding notice, the court has determined that it cannot properly address Plaintiff's due process argument. Plaintiff submitted Mrs. Marx's affidavit, along with several exhibits, in support of his due process argument. However, as discussed above, the court is to limit its review to documents contained within the record. Thus, the court cannot consider the affidavit and exhibits submitted by Mrs. Marx in support of Plaintiff's constitutional argument. In addition, because Plaintiff's constitutional argument involves factual questions requiring the court to consider the exhibits in order to properly consider the due process claim, the court cannot properly determine this issue based on the record before it. As concerned as the court is regarding the issues raised by Plaintiff in his due process argument, the court must conclude that it cannot rule on Plaintiff's due process argument. Therefore, the court turns to an examination of whether the ALJ improperly determined when Plaintiff worked for the Golding Family Limited Partnership (hereafter referred to as "Golding").

Plaintiff argues the ALJ erred in determining when Plaintiff worked for Golding. Plaintiff argues that Mrs. Marx and Sheldon

Williams, an employee of Golding, presented testimony that Plaintiff did not work full time for Golding until October of 1996. However, Plaintiff argues, the ALJ erroneously found that Plaintiff worked for Golding between July and December 1997. Plaintiff argues that substantial evidence does not support the ALJ's finding and that it fails to follow SSR 83-35, which requires that "earnings are generally averaged over the *actual period of time in which work was performed*." (Emphasis added.)

The court has carefully reviewed the ALJ's decision and concludes that Plaintiff's argument lacks merit. Contrary to Plaintiff's argument, the ALJ used the evidence before him to reach the finding that Plaintiff began working for Golding in July 1996. The ALJ explained that Mrs. Marx bought him the special items he needed for his work at Golding in June 1996. Also, Mrs. Marx originally stated that Plaintiff worked throughout 1996. The ALJ found, based on the purchase of the special work items and Mrs. Marx's original statement, that Plaintiff began working for Golding in July 1996, soon after he stopped working for Kenny Roger's Roasters and soon after Mrs. Marx bought the special work equipment.

Furthermore, the ALJ explained why he did not base his finding on Mrs. Marx's newer statement that Plaintiff did not begin working for Golding until October 1996, or upon the recently submitted statement of Sheldon Williams, Plaintiff's foreman while he worked for Golding (Tr. 237). The ALJ rejected

7

Mrs. Marx's statement because "she gave no good reason for this assertion and of course submitted no new documentation," and she "did not explain why she had previously stated that [Plaintiff] had worked the whole year and now was retracting that earlier assertion." (Tr. 25.) In addition, the ALJ explained that both Mrs. Marx's statement and Mr. Williams' statements were "made years after the fact and without sufficient explanation or logic." (Tr. 26.) Further, the ALJ found Mrs. Marx's statement to be "self-serving." (Tr. 26.) Also, the ALJ explained that Mr. Williams did not have records to verify his statement and he did not "provide sufficient rationale or explanation as to how he arrived at this conclusion - his note is very brief and conclusory." (Tr. 26.)

As stated above, the Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "'Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."'" *Doyal*, 331 F.3d at 760 (citations omitted). "'Substantial evidence' requires 'more than a scintilla, but less than a preponderance,' and is satisfied by such relevant 'evidence that a reasonable mind might accept to support the conclusion.'" *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988) (citation omitted). "'Evidence is not substantial "if it is overwhelmed by other evidence - particularly certain types of evidence (e.g., that offered by treating physicians) - or if it

really constitutes not evidence but mere conclusion.'"  *Id.* at 805 (citations omitted).  The court may "'neither reweigh the evidence nor substitute [its] judgment for that of the agency.'" *White*, 287 F.3d at 905 (citation omitted).  In addition, the court defers to the ALJ on issues of witness credibility so long as the credibility findings are closely and affirmatively linked to substantial evidence.  See *Winfrey*, 92 F.3d at 1020 (citation omitted); *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495, 1499 (10th Cir. 1992).

With this standard of review in mind, and having carefully reviewed the ALJ's findings regarding Mrs. Marx's testimony that Plaintiff did not begin working for Golding until October 1996, and regarding Mr. Williams' statement, and having carefully reviewed the ALJ's reasoning behind his finding that Plaintiff began working for Golding in July 1996, the court concludes that the ALJ's finding is supported by substantial evidence.  Although evidence exists that is contrary to the ALJ's finding about when Plaintiff started to work for Golding, the ALJ carefully explained why he accepted certain evidence and rejected other evidence.  Although this court may not have reached the same finding as did the ALJ, this court cannot say that the finding is overwhelmed by other evidence or that it is not supported by substantial evidence.  Therefore, the court rejects Plaintiff's argument.

**ORDER**

Based on the above analysis, **IT IS HEREBY ORDERED** that Plaintiff's request for the court to reverse or remand the Commissioner's decision is **DENIED**.

DATED this 6th day of March, 2007.

BY THE COURT:

_____
Samuel Alba
United States Chief Magistrate Judge